UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

FILED
CLERK
11/9/2026 4:20 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

----------------------------------------------------------------------X

TRUSTEES OF THE UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS LOCAL 154 WELFARE, PENSION, ANNUITY, AND APPRENTICESHIP AND TRAINING FUNDS,

Plaintiff,

-against-

RELATED SERVICES LLC,

Defendant.

----------------------------------------------------------------------X

**ORDER**
25-CV-06925 (JMA) (ST)

**AZRACK, United States District Judge:**

Before the Court is the motion of Plaintiff Trustees of the United Union of Roofers, Waterproofers and Allied Workers Local 154 Welfare, Pension, Annuity, and Apprenticeship and Training Funds for a default judgment against Defendant Related Services LLC. Plaintiff alleges that Defendant violated Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. (Compl., ECF No. 1.) For the following reasons, the Court GRANTS Plaintiff's motion for default judgment.

## I. DISCUSSION

### A. Defendant Defaulted

The record reflects that Defendant was properly served in this action but has not answered, appeared, or responded to the instant motion for default judgment. (See ECF No. 12.) Defendant has not presented any defense to this action, let alone a meritorious defense. Accordingly, the Court finds Defendant to be in default.

**B. Liability**

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the Complaint are sufficient to establish Defendant's liability for the causes of action alleged in the Complaint. (See Compl. ¶¶ 23–34.)

**C. Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence. See Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.

Section 515 of ERISA, 29 U.S.C. § 1145, is designed to "promote the prompt payment of contributions and assist plans in recovering the costs incurred in connection with delinquencies." Iron Workers Dist. Council of W. New York and Vicinity Welfare Pension Funds v. Hudson Steel Fabricators and Erectors, Inc., 68 F.3d 1502, 1506 (2d Cir. 1995). Section 502 of ERISA sets forth

the damages that are recoverable for an employer's failure to remit the contributions that are required under Section 515 of ERISA. Section 502(g)(2) of ERISA provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-
>
> (A) the unpaid contributions;
> (B) interest on the unpaid contributions;
> (C) an amount equal to the greater of –
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State Law) of the amount determined by the court under subparagraph (A);
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and
> (E) such other and further relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Section 502(g) entitles the plans to recover money owed on unpaid audits, interest on the unpaid audits, unpaid contributions, interest on the unpaid contributions, liquidated damages, and reasonable attorney's fees and costs. Id.; Benson v. Brower's Moving and Storage, Inc., 726 F. Supp. 31, 36 (E.D.N.Y. 1989), aff'd, 907 F.2d 310 (2d Cir. 1990) (noting that "[t]here is no question that Section 502(g)'s remedies are mandatory").

Based upon a review of affidavits and other documentary evidence, see Transatl. Marine Claims Agency, Inc., 109 F.3d at 111, the Court finds that the Plaintiff has established damages in the total amount of **$281,501.76**, consisting of:

i. For the period of July 2025 through January 2026: estimated unpaid contributions of $234,480.69; interest on those unpaid contributions of $7,260.04; and liquidated damages on those unpaid contributions of $23,448.07, for a total of $265,188.80; and

ii. Additional interest due on unpaid contributions for the July 2025 through January 2026 period at the rate of $64.24 per day from March 1, 2026 through November 9, 2026, in the amount of $16,312.96.

**D. Attorney's Fees and Costs**

Plaintiff also requests an award of reasonable attorney's fees and costs in the amount of $2,555.88 pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), and Article IX, Section 3(a) of the Trust Agreement. (See ECF No. 9 ¶¶ 34, 51(5).) "ERISA 'mandates the granting of reasonable attorneys' fees and costs in ERISA matters brought by fiduciaries to enforce the terms of the collective bargaining agreement.'" Gesualdi v. Reid, No. 19-cv-4132, 2021 WL 8316386, at *13 (E.D.N.Y. Aug. 12, 2021) (quoting Sheet Metal Workers' Nat'l Pension Fund v. RHB Installations Inc., No. 12-cv-2981, 2015 WL 1509498, at *5 (E.D.N.Y. Mar. 31, 2015)). To calculate attorney's fees, courts in the Second Circuit determine the reasonable hourly rate, defined as "the rate a paying client would be willing to pay[,]" and multiply that rate by the number of hours reasonably expended in prosecuting an action. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 117–18 (2d Cir. 2007).

In this case, Plaintiff's counsel billed Plaintiff for the services of partners at a rate of $300 per hour, associates at a rate of $200 per hour and legal assistants at a rate of $100 per hour. (See Herstic Decl. at ¶¶ 32-35; ECF No. 15.) The record indicates that counsel spent 11.6 hours litigating this matter, for a total amount billed of $1,960. (Id.) The Court finds that these fees are in line with other awards in the Eastern District and are thus presumptively reasonable. Additionally, the Court has reviewed Plaintiff's contemporaneous time records and finds that they contain a reasonable hourly rate and represent reasonable number of hours expended in this lawsuit. The Court therefore awards Plaintiff $1,960 in attorney's fees.

Additionally, Plaintiff requests $595.88 in costs. "Courts typically allow counsel to recover their reasonable out-of-pocket expenses." Viafara v. MCIZ Corp., No. 12-cv-7452, 2014 WL 1777438, at *15 (S.D.N.Y. May 1, 2014). Having reviewed the itemized list of costs, the

Court finds Plaintiff's request to be reasonable. The Court therefore awards $595.88 in costs to Plaintiff.

## II. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff is entitled to a default judgment against Defendant Related Services LLC. Plaintiff is awarded damages in the amount of $281,501.76 and $2,555.88 in attorney's fees and costs, plus post-judgment interest calculated at the statutory rate.

**SO ORDERED.**

Dated: November 9, 2026
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE